IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 10-cv-01911-RPM

GLACIER CONSTRUCTION COMPANY, a Colorado corporation,

    Plaintiff,

v.

TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA,
a Connecticut corporation,

    Defendant.

---

ORDER ON CROSS MOTIONS FOR SUMMARY JUDGMENT

---

By cross motions for summary judgment and stipulated facts, the parties seek a ruling as to the scope of coverage provided by a Builder's Risk Policy issued to the Glacier Construction Company (Glacier) by Travelers Property Casualty Company of America (Travelers). The most pertinent facts are these:

- On or about February 3, 2009, Glacier entered into a contract with the City of Aurora under which Glacier agreed to construct Cherry Creek Lift Station No. 15, a new 1010 square foot wastewater pumping facility (the "Project"), located on the existing site of the Cherry Creek Well Field (the "Project Site"), in exchange for payment in an amount not to exceed Two Million Four Hundred Ninety Six thousand Nine Hundred Dollars and No Cents ($2,496,900.00).

- Glacier commenced work on the Project in March, 2009.

- In May and June 2009, Glacier encountered unexpected groundwater dewatering issues during excavation of the Project Site.

- The groundwater caused significant and ongoing problems resulting in the need to design and implement several additional groundwater dewatering measures.

- In May 2009, four dewatering wells were installed to dewater the site; each well had a 375 GPM submersible pump.

- In June, a second 375 GPM submersible pump was installed in each well.

- At the end of June a well-point system was installed.

- In the third week of July a sheet-pile wall and a second well-point system were installed.

- On July 30, 2009, Glacier called in a claim to Travelers seeking coverage under the Policy. The Accord Property Loss Notice described the claim as a "Builders Risk Site Preparation Claim for repreparing the Valley Pump Station at the Valley Country Club in Parker, CO."

- On September 16, 2009, Glacier sent Travelers a spreadsheet summarizing the "additional costs" incurred on the Project, totaling $287,179.

- The Policy provides coverage for "direct physical loss of or damage to Covered Property from any of the Covered Causes of Loss."

- The Policy defines Covered Property as "Builders' Risk."

- The policy defines "Builders' Risk" as:

    a. Buildings or structures including temporary structures while being constructed, erected or fabricated at the "job site;"

    b. Property that will become part of a permanent part of the buildings or structures at the "job site;"

        (1) While in transit to the "job site" or temporary storage location;

(2) While at the "job site" or at a temporary storage location;

Builders' Risk" does not include:

a. Contraband, or property in the course of illegal transit of trade;

b. Buildings or structures that existed at the "job site" prior to the inception of this policy;

c. Land (including land on which the property is located) or water.

- The Policy defines "Covered Causes of Loss" as "RISKS OF DIRECT PHYSICAL LOSS OR DAMAGE."

- The Policy also provides coverage for Builders' Risk" Site Preparation, as follows:

If:
(1) The cost of excavation, site preparation, land grading and similar work is included in the "Basic Limit of Insurance" for the "job site" shown in the Declarations; and

(2) You incur expenses to reexcavate the site, reprepare the site; regrade the land, or reperform similar work because of loss of damage to Covered Property by a Covered Cause of Loss.

you may extend the applicable Limit of Insurance for that "job site" to pay for such expense.

- Coverage for "Builders Risk" Site Preparation is set forth in the Policy under the subpart "Additional Coverages."

Travelers denied coverage contending that there was no loss of or damage to covered property because there was no physical damage to any structure or temporary structure and land is expressly excluded. Glacier contends that structure is not defined in the policy and a literal meaning includes the wells and pumps installed at the site. These installations did not

3

become a part of the building. They were installed only for the purpose of dewatering the site as a necessary step in site preparation prior to pouring the foundation.

Site preparation is within the additional coverage to the extent that the insured incurs expenses to reperform work similar to re-excavation or regrading. The plaintiff's claim of loss includes the costs of additional work beyond that necessary for repairs to the four wells and the pumps installed in May. It includes additional installations to remove or contain the excessive groundwater.

A reasonable construction of the policy is that the four dewatering wells and submersible pumps installed in May, 2009, were temporary structures constituting covered property; that damage to them from the intrusion of water and soil or sand causing failure of the pumps is physical damage to the piping and bore holes constituting damage or loss to them as covered property and that their utility as a necessary part of site preparation brings them within the additional coverage for site preparation. Accordingly, Travelers must pay for the cost of repairing and reworking those four wells and pumps. The plaintiff's claim is limited to those costs.

SO ORDERED.

Dated: September 22nd, 2011

BY THE COURT:

s/Richard P. Matsch
_____
Richard P. Matsch, Senior District Judge