IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 10-cv-01911-RPM

GLACIER CONSTRUCTION COMPANY, a Colorado Corporation,

    Plaintiff,

v.

TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA,
a Connecticut Corporation,

    Defendant.

___

ORDER GRANTING SUMMARY JUDGMENT
___

    Glacier Construction Company claims that its insurer denied the claims for coverage of damages under its Builder's Risk Policy in bad faith in violation of a Colorado Statute and common law. To prove the common law claim, Glacier must prove that (1) the insurer's conduct was unreasonable under the circumstances, and (2) the insurer either knowingly or recklessly disregarded the validity of the insured's claim. *Goodson v Am. Standard Ins. Co.*, 89 P.3d 409, 415 (Colo. 2004). An insurer will be found to have acted in bad faith only if it has intentionally denied, failed to process, or failed to pay a claim without a reasonable basis. *Savio v. Travelers Ins. Co.*, 706 P.2d 1258, 1275 (Colo. 1985). Glacier contends that Travelers (1) indisputably failed to make a claim decision within a reasonable time as set forth in Colo. Div. of Ins. Reg. §5-1-14; (2) failed to request any additional information or clarification from Glacier concerning its damages during its investigation of the claim; (3) failed to seek clarification or additional information in response to the summary of damages Glacier submitted with the claim; and (4) failed to reconsider its denial of the claim despite repeated requests from Glacier's attorneys to

do so.

Glacier claims that Travelers' denial was without a reasonable basis in violation of C.R.S. § 10-3-115.

Travelers seeks dismissal of these claims in its motion for summary judgment. (Document 38). That motion is granted based on this court's Order on Cross Motions for Summary Judgment. (Document 29). Glacier's claim for $287,179 included costs beyond what the policy covered. As to the delay in denying the claim, Travelers did respond within the sixty days with a letter on October 14, 2009, saying they were investigating the claim further. The Code of Colorado Regulations §5-1-14 Section 4 does require an insurer to make a decision on claims within sixty days. It says "unless there is a reasonable dispute between the parties concerning such claim." The delay was justified because of the fairly debatable issue of coverage and the difficulty in determining the elements of the loss claimed. It is

ORDERED that the defendant's motion for summary judgment is granted. The plaintiff's second and third claim for relief in the amended complaint are dismissed with prejudice.

Dated: May 29, 2012

                                    BY THE COURT:

                                    s/Richard P. Matsch
                                    _____
                                    Richard P. Matsch, Senior District Judge